ENRIQUE CAMPOS DEL TORO, Plaintiff and Appellee, *v.* HEIRS OF INOCENCIO EMILIO DÁVILA, Defendants; OFELIA COLLAZO, Defendant and Appellant.

No. 6702. Argued April 15, 1935.—Decided May 3, 1935.

*J. Vendrell* and *A. Quirós Méndez* for appellant.  *Antonio Barceló, Jr.,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 3rd of May, 1934, the appellee moved to dismiss the appeal as frivolous.  On the 29th of May of the same year we overruled the motion on the ground that as the appeal involved questions of fact and we only had before us the complaint, the answer, the judgment, and the opinion, we did not have enough before us to justify a dismissal, citing *De Jesús* v. *Drug Company of P. R., Inc.,* 45 P.R.R. 624.  On the 18th of March, 1935, the whole record of the case was filed in this court including a bill of exceptions and a statement of the case.  Then on the 29th of March, 1935, the appellee again moved to dismiss the appeal as frivolous and because it had not been prosecuted with diligence.  The appellee does not convince us that the appeal was not prosecuted with diligence and, in point of fact, the record was filed in this court before the motion to dismiss, and the

appellant has obtained an extension of time until May 27 to present a brief.

We have examined the bill of exceptions and the statement of the case and if the evidence was duly admitted we do not find that the court in its opinion was mistaken. There is little question then that the complainant-appellee was entitled to recover from the alleged succession in the case, the amount voluntarily paid on their behalf.

The record does not show what the appellant had to intervene in the case on the mere statement that she was the heir of the predecessor in title of the rest of the defendants who claimed to be the only heirs of Francisco Dávila. It is a curious fact that the answer admits the paragraph that sets up that the said defendants were the only heirs.

It transpires from the opinion of the court that the district court originally rendered judgment against all the defendants but, on petition of the appellant, it set the judgment aside and permitted the appellant to defend. Neither the judgment by default nor the order vacating it has been copied into the record.

As we said, going over the bill of exceptions and the statement of the case so far as the evidence was properly admitted, we should be inclined to follow the opinion and the judgment of the court. However, as the appellant points out, various objections were made and exceptions taken in the court below and the appellee has not discussed the merits of these exceptions. Where the frivolity of an appeal is alleged the appellee in general should put this court in a position to dissipate these doubts.

Therefore, the motion to dismiss must be overruled.